Simmons and others *vs.* Rarden and Wife.

---

No. 98.—LEAH SIMMONS and others, plaintiffs in error, *vs.* JOHN A. RARDEN and Wife, defendants.

[1.] Verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity.

[2.] Where a bill was filed by John A. Rarden and Henrietta, his wife, formerly Henrietta G. Ogletree, to recover certain slaves in right of the wife; and the Jury on the trial of the case found the following verdict: "We the Jury find and decree, that the complainant, Henrietta G. Rarden, (formerly Henrietta G. Ogletree,) in her own right, and for her own use, do recover of the defendant the negro slaves, Washington, Martha, &c." *Held,* that on a motion in arrest of judgment, on the ground that the verdict did not find in favor of the marriage of the parties, which was denied by the

defendant's answer, that the legal effect of the verdict was in favor of the marriage.

In Equity, in Richmond Superior Court. Decision by Judge STARNES, February, 1851.

John A. Rarden and wife, filed a bill against Leah Simmons and others, to recover certain property belonging to the wife prior to the marriage, and to set aside a deed made by the wife, in contemplation of marriage, and in fraud of the marital rights, and under coercion of defendants. The answer denied the fact of the marriage, as well as the other facts charged. The Jury found the following verdict : " We the Jury find and decree, that the complainant, Henrietta G. Rarden, (formerly Henrietta G. Ogletree,) in her own right, and for her own use, do recover of the defendant, the negro slaves, Washington and Martha, (the negro slave Letty, being dead ;) and also said complainant recover of the defendant, two hundred and forty dollars, for the hire of the said three slaves, until arrest after commencement of this suit, with costs."

A motion was made in arrest of any judgment upon this verdict, upon the grounds :

1st. Because of the variance between the pleadings and the finding of the Jury, in this : that by the pleading, complainants allege that they are husband and wife, which defendants by their answer deny. The finding being for Henrietta G. alone, is tantamount to finding the truth of the allegation of defendants.

2d. Because of the uncertainty of the finding of the Jury under the issue made by the pleading, in this : that the complainants either are, or are not, husband and wife. If they are, the finding should have been for them jointly as such. If they are not, then there could be no finding for them jointly nor separately.

The Court overruled the motion, holding the verdict to be virtually for the complainants, and covering all the issues submitted. This decision is now assigned as error.

A. H. H. DAWSON, by COBB, for plaintiff in error.

A. J. MILLER, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This was a bill, filed by John A. Rarden and Henrietta G. his wife, formerly Henrietta G. Ogletree, to recover certain slaves in the record mentioned. The answer of the defendant denied the marriage of the complainants. A motion was made to arrest the judgment in the Court below, on the ground, that the Jury had not found in favor of, nor against the marriage of the parties. The rule is, that verdicts are to have a reasonable intendment, and to receive a reasonable construction, and are not to be avoided unless from necessity.

[2.] Can it be reasonably inferred from the verdict in this case, that the Jury found in favor of the marriage? The Jury find and decree, "that the complainant, Henrietta G. Rarden, (formerly Henrietta G. Ogletree,) in her own right, and *for her own use*, do recover of the defendant, the negro slaves, Washington, &c." The property is claimed in the right of the wife, Henrietta G. Rarden, formerly Henrietta G. Ogletree. The Jury find their verdict in favor of Henrietta G. Rarden, *formerly* Henrietta G. Ogletree, for *her own use.* If the Jury had not been satisfied as to the validity of the marriage, why did they find a verdict in favor of Henrietta G. Rarden, *formerly Henrietta G. Ogletree?* If they had believed there was no marriage of the parties, the verdict would have been in favor of Henrietta G. Ogletree. Besides, the Jury not only find their verdict in favor of the complainant, in the name, as claimed by the marriage, but they have employed words, the legal effect of which, is to protect the property from the *marital* rights of her husband. If the Jury had not found in favor of the marriage, we think it is quite clear, the verdict would have been in favor of Henrietta G. Ogletree, without more; and not in favor of Henrietta G. Rarden, *formerly* Henrietta G. Ogletree, in her own right, and *for her own use.* What but the marriage, changed the *former* name of Henrietta G. Ogletree, to

that of Henrietta G. Rarden.? What but the marriage induced the Jury to employ words in their verdict which would secure the property to her separate use, and protect it against the *marital* rights of her husband ? In our judgment, the legal intendment of the verdict is in favor of the marriage. Let the judgment of the Court below be affirmed.